[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13833
Non-Argument Calendar
_____

D. C. Docket No. 06-22055-CV-JLK

CRISTOVAO FLORES, on his own behalf
and other similarly situated, DANIEL HARDY,

Plaintiffs-Appellants,

versus

PARK WEST PARKING CBD, LLC, a Florida
corporation, GREGORY MIRMELLI, individually,
ANDREW MIRMELLI, PARK WEST PARKING, LLC,

Defendants-Appellees,

JUSTIN MIRMELLI, individually,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2008)

Before BIRCH, DUBINA, and HILL, Circuit Judges.

PER CURIAM:

Cristovao Flores brought this action against Park West Parking CBD, LLC, Gregory Mirmelli and Justin Mirmelli, alleging a claim for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).  The district court held that the record was devoid of any evidence to support Flores' claims, finding that the evidence clearly showed that Flores was paid all overtime compensation to which he was or may have been entitled.  In support of its ruling, the district court found the following facts, based upon the pleadings, discovery of record – including Flores' own deposition – and documentary evidence submitted by defendants:

1)   Flores began working for defendant on or about March 2005.
2)   Flores did not work in excess of forty hours during any week in 2005 because he only worked certain events and on weekends.
3)   In 2006, during the weeks of June 3rd, June 17th, and June 24th, Flores worked in excess of forty hours.
4)   As of July 1, 2006, Flores was entitled to overtime compensation in the amount of approximately $120.00 for the three weeks in June 2006 that he worked in excess of forty hours.
5)   On or about July 1, 2006, Flores was paid all overtime compensation due and owing for the three weeks in June 2006.  Defendant paid Flores by check, which was endorsed and cashed by Flores.

Our review of the record reveals that none of these findings is clearly erroneous, and the judgment as to Flores' overtime claim is due to be affirmed.

As to Daniel Hardy's claim, the district court denied his Motion to Amend

Final Judgment and Reopen Case because, although he attempted to opt into this action by filing a Notice of Consent to Join prior to the entry of judgment against Flores, the district court never accepted him as an opt-in plaintiff, and Hardy had never filed a separate complaint alleging any claims. None of his alleged claims was ever mentioned in any documents filed by Flores, even in Flores' Third Amended Complaint that was filed after Hardy filed his Notice of Consent to join. Any claim Hardy may have had, therefore, was never properly before the court and the district court properly denied his motion to reopen the case.

Accordingly, the judgment of the district court is hereby

AFFIRMED.